IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Criminal Case No.**  25-CR-0344-PAB

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

1. **ASHLEY MARIE STEVENS,**
   *a.k.a. Ashley Armistead*,

    Defendant.

---

**INDICTMENT**
**Counts 1-6**
18 U.S.C. § 1343
**Counts 7-17**
18 U.S.C. § 1347
**Counts 18-23**
18 U.S.C. § 1957(a)

---

    The Grand Jury charges:

**Background**

*Individuals and Entities*

    1.    During all times relevant to this Indictment, ASHLEY MARIE STEVENS, also known as Ashley Armistead ("STEVENS"), resided in Mesa County, Colorado.

    2.    STEVENS was the owner and operator of Armistead Twin Rides LLC ("Armistead"), which was registered with the Colorado Secretary of State on or about June 5, 2022.

1

*Colorado Medicaid and Relevant Rules*

3. The Medicaid Program ("Medicaid") provides health coverage to low-income adults, children, pregnant women, elderly adults, and people with disabilities. Medicaid is a federal- and state-funded health care program administered by states, according to federal requirements.

4. Colorado Medicaid is a "Federal health care program" as defined in Title 42, United States Code, Section 1320a-7b(f), and a "health care benefit program," as defined by Title 18, United States Code, Section § 24(b).

5. The benefits available under Medicaid are governed by federal statutes and regulations, and by rules implemented by the individual states. Individuals who receive benefits under Medicaid are commonly referred to as Medicaid "beneficiaries."

6. A Medicaid claim is required to contain certain important information, including: the beneficiary's name and Member ID number; the billing or procedure code for the benefit, item, or service; the date or date range during which the benefit, item, or service was provided or supplied to the beneficiary; and the name of the provider. The claim form can be submitted electronically.

7. The State of Colorado, acting through the Department of Health Care Policy and Financing ("HCPF"), administers the Colorado Medicaid Program, called Health First Colorado (hereinafter "Colorado Medicaid.")

8. STEVENS signed and submitted a Provider Participation Agreement ("PPA") on behalf of Armistead to HCPF on or about August 15, 2022, to enroll as a transportation provider for Colorado Medicaid. By signing the PPA, STEVENS agreed to

comply with all "federal or state laws, regulations, and guidelines," and with HCPF rules.

9. From on or about July 29, 2022, to on or about February 7, 2023, STEVENS billed Colorado Medicaid under her name (ASHLEY STEVENS). From on or about February 1, 2023, to on or about March 1, 2024, STEVENS billed under the business name (Armistead Twin Rides LLC).

10. As relevant to this Indictment, Colorado Medicaid provides Non-Emergent Medical Transportation ("NEMT") services to qualified Medicaid beneficiaries. 10 Code of Colorado Regulation ("C.C.R.") 2505-10, Section 8.014 *et seq.* The following regulations were in place on August 15, 2022.

11. NEMT is a covered service when the client "does not have [a]ccess to other means of transportation, including free transportation," the "transportation is required to obtain a non-emergency service(s) that is medically necessary," and the "client is receiving a service covered by" Colorado Medicaid. 10 C.C.R. 2505-10, Section 8.014.5.B.

12. Furthermore, NEMT may only be utilized to transport eligible members to and from Colorado Medicaid provider service locations that are enrolled to provide the service the member is transported to receive. NEMT must be used to access the closest qualified Colorado Medicaid provider willing and able to treat the member (generally presumed to be within 25 miles). 10 C.C.R. 2505-10, Section 8.014.4.A.

13. Eligible providers must maintain all program-related records, including documentation to support attestations and use and expenditures, for seven years. 10 C.C.R. 2505-10, Section 8.015.8.A.

**The Scheme to Defraud**

14. Beginning in or around June 2022, and continuing through in or around March 2024, in the State and District of Colorado and elsewhere, defendant STEVENS devised, intended to devise, and participated in a scheme and artifice to defraud the Colorado Medicaid program and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises (hereinafter referred to as "the Scheme").

15. As part of the Scheme, STEVENS, and others known and unknown to the Grand Jury, fraudulently billed Colorado Medicaid for over $1 million for Non-Emergent Medical Transportation rides for Medicaid beneficiaries.

16. Of that $1 million, STEVENS billed Colorado Medicaid for over $400,000 for rides for herself and her family members (Pa.A., Pr.A., B.A., and A.A.). There were very few corresponding medical appointments for these individuals, and STEVENS' husband (A.A.) was incarcerated on some of the dates STEVENS claimed he received rides. The family members also had access to free transportation, such that billing Colorado Medicaid for these alleged rides was not permitted.

17. Of that $1 million, STEVENS billed Colorado Medicaid for over $150,000 for rides for four beneficiaries (L.L, K.H., J.B., and H.R.) for whom the rides either did not occur at all or involved a destination unrelated to any medical provider or services.

18. Finally, of that $1 million, STEVENS billed Colorado Medicaid for over $450,000 for rides that were 400 or more miles long, per patient, per day (exclusive of the family members and four beneficiaries referenced above). Only a handful of those

rides correspond to medical appointments or services, and those destinations were less than 400 miles away.

19. In furtherance of the Scheme, STEVENS submitted hundreds of false claims to Colorado Medicaid. She also provided HCPF with fabricated documents, including falsified documents purportedly signed by beneficiaries stating that they used Armistead to obtain medically necessary services.

20. STEVENS used the proceeds of the Scheme for personal use, including for travel and to purchase a luxury vehicle.

## Counts 1-6
### Wire Fraud, 18 U.S.C. § 1343

21. The Grand Jury re-alleges and incorporates by reference paragraphs 1-20 of this Indictment.

22. On or about the dates set forth below, in the State and District of Colorado, and elsewhere, defendant **ASHLEY MARIE STEVENS**, with intent to defraud, having devised, intended to devise, and participated in a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and attempting to do so, did for the purpose of executing the scheme and artifice, knowingly transmit and cause to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals, pictures, and sounds, as set forth below:

| Count | Date | Description of Wire |
|---|---|---|
| 1 | 9/12/2022 | Payment from Colorado Medicaid with remittance advice number 2225535 in the amount of $84,887.50. |
| 2 | 11/14/2022 | Payment from Colorado Medicaid with remittance advice number 2297794 in the amount of $135,366.32. |
| 3 | 11/21/2022 | Payment from Colorado Medicaid with remittance advice number 2305735 in the amount of $78,435.02. |
| 4 | 1/30/2023 | Payment from Colorado Medicaid with remittance advice number 2384279 in the amount of $130,058.10. |
| 5 | 2/6/2023 | Payment from Colorado Medicaid with remittance advice number 2392597 in the amount of $52,464.40. |
| 6 | 5/8/2023 | Payment from Colorado Medicaid with remittance advice number 2499008 in the amount of $38,677.05. |

All in violation of Title 18, United States Code, Section 1343.

## Counts 7-17
## Health Care Fraud, 18 U.S.C. § 1347

23.    The Grand Jury re-alleges and incorporates by reference paragraphs 1-20 of this Indictment.

24.    On or about the dates set forth below, in the State and District of Colorado and elsewhere, defendant **ASHLEY MARIE STEVENS**, knowingly and willfully executed and attempted to execute a material scheme to defraud Colorado Medicaid, a health care benefit program as defined in Title 18, United States Code, Section 24(b), and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit program, in connection with the delivery of and payment for health

care benefits, items, and services, in that the defendant submitted and caused the submission of false and fraudulent claims, identified more particularly below:

| Count | Date of Service | Beneficiary | Claim Submission Identification Number | Amount Paid | Miles Claimed |
|---|---|---|---|---|---|
| 7 | 8/30/2022 | H.R. | 2222245002928 | $9,607.50 | 1,575 |
| 8 | 9/21/2022 | B.A. | 2222272001114 | $3,355.00 | 550 |
| 9 | 10/31/2022 | A.A. | 2222313001097 | $7,673.80 | 1,258 |
| 10 | 11/15/2022 | Pr.A. | 2222321013400 | $7,625.00 | 1,250 |
| 11 | 11/27/2022 | B.A. | 2222336006876 | $10,675.00 | 1,750 |
| 12 | 12/20/2022 | A.A. | 2222356012159 | $3,430.30 | 563 |
| 13 | 1/27/2023 | K.H. | 2223027001379 | $4,788.50 | 785 |
| 14 | 2/1/2023 | L.L. | 2223034002768 | $5,355.80 | 878 |
| 15 | 2/5/2023 | Pa.A. | 2223041004573 | $4,117.50 | 675 |
| 16 | 2/12/2023 | M.G. | 9423047001005 | $4,965.40 | 814 |
| 17 | 5/15/2023 | J.B. | 2223135008138 | $610.00 | 100 |

All in violation of Title 18, United States Code, Section 1347.

### Counts 18-23
### Money Laundering, 18 U.S.C. § 1957(a)

25.     The Grand Jury re-alleges and incorporates by reference paragraphs 1-20 of this Indictment.

26.     On or about the dates identified below, in the State and District of Colorado, and elsewhere, defendant **ASHLEY MARIE STEVENS** knowingly engaged

in, or attempted to engage in, monetary transactions, specifically, deposits, withdrawals and movements and transfers of funds and monetary instruments, in and affecting interstate commerce, to entities listed below, in criminally derived property of a value greater than $10,000 that was derived from specified unlawful activity, specifically, wire fraud in violation of Title 18, United States Code, Section 1343, and health care fraud in violation of Title 18, United States Code, Section 1347, knowing that the property involved in such monetary transactions represented the proceeds of some form of unlawful activity, as follows:

| Count | Date | Amount | Transaction |
|---|---|---|---|
| 18 | 9/16/2022 | $15,000.00 | Cash withdrawal from account ending in 2024 |
| 19 | 10/7/2022 | $12,000.00 | Cash withdrawal from account ending in 2024 |
| 20 | 11/18/2022 | $25,000.00 | Cash withdrawal from account ending in 2024 |
| 21 | 11/21/2022 | $30,000.00 | Cash withdrawal from account ending in 2024 |
| 22 | 1/21/2023 | $12,918.00 | Cash withdrawal from account ending in 2024 |
| 23 | 2/02/2023 | $35,000.00 | Cash withdrawal from account ending in 2024 |

All in violation of Title 18, United States Code, Sections 1957(a).

### Forfeiture Allegation

27.   The allegations contained in Counts 1 through 23 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Sections 982(a), 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

28.   Upon conviction of the violations alleged in Counts 1 through 17 of this

Indictment involving the commission of violations of Title 18, United States Code, Section 1343, and 18 U.S.C. Section 1347, defendant STEVENS, pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(7), and Title 28, United States Code, Section 2461(c), shall forfeit any and all of the defendant's right, title and interest in all property constituting and derived from any proceeds the defendant obtained directly and indirectly as a result of such offense, including, but not limited to: a money judgment in the amount of proceeds obtained by the defendant.

29. Upon conviction of the violations alleged in Counts 18 through 23 of this Indictment involving the commission of violations of Title 18, United States Code, Section 1957(a), defendant STEVENS, pursuant to Title 18, United States Code, Section 982(a)(1), shall forfeit any and all of the defendant's right, title and interest in all property involved in such offense, and property traceable thereto, including, but not limited to: a money judgment in the amount of proceeds involved in such offenses.

30. If any of the property described above, as a result of any act or omission of the defendant:

    a) cannot be located upon the exercise of due diligence;
    b) has been transferred or sold to, or deposited with, a third party;
    c) has been placed beyond the jurisdiction of the Court;
    d) has been substantially diminished in value; or
    e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c) and Title 18,

United States Code, Section 982(b), to seek forfeiture of any other property of said

defendant up to the value of the forfeitable property.

                                                          A TRUE BILL

                                       *Ink Signature on File in the Clerk's Office*
                                       FOREPERSON

PETER MCNEILLY
United States Attorney

By: *s/ Rebecca S. Weber*
Rebecca S. Weber
Special Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
Fax: (303) 454-0409
E-mail: Rebecca.Weber@coag.gov
Attorney for the United States